**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| Kelvin Bernard Tyler,  ) <br>     a/k/a "Punkin,"  ) <br>     )<br>     Movant,  )<br> v.  )<br>     )<br> United States of America,  )<br>     )<br>     Respondent.  )<br> _____)  | Criminal No. 5:04-00964-MBS-1 <br><br><br> **ORDER AND OPINION** |

This matter is before the court pursuant to a pro se motion by Kelvin Bernard Tyler ("Movant") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("motion to vacate"). (ECF No. 330.) The United States of America ("Respondent") opposes Movant's motion and seeks dismissal of the matter. (ECF No. 334.) For the reasons set forth below, the court denies Movant's motion to vacate and grants Respondent's motion to dismiss.

**I.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Movant is currently incarcerated at the Coleman Low Federal Correctional Institution in Coleman, Florida. On October 19, 2004, Movant was named in a two-count indictment charging him solely with ("Count One") conspiracy to possess with intent to distribute and distribution of 5 kilograms of cocaine and 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and § 846.[1] (ECF No. 1.) On July 15, 2005, Respondent filed an information pursuant to 21 U.S.C. § 851 to inform Movant that he was subject to the increased penalties of 21 U.S.C. § 841 based on a previous felony drug conviction. (ECF No. 33.) On October 25,

---

[1] In the second count of the indictment, Movant's co-Defendant, Kelvin Jerod Holman ("Holman"), was charged with possession with intent to distribute and distribution of 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

2005, in accordance with the terms of a written plea agreement, Movant pled guilty to Count One of the indictment. (ECF Nos. 49, 50.) In the plea agreement, Movant stipulated to having a prior felony drug conviction, which subjected him to a mandatory 20-year sentence. (ECF No. 48, p. 4 ¶ 7.) On June 6 and June 11, 2007, Respondent filed a motion and amended motion on behalf of Movant to depart from the guidelines on the basis of his substantial assistance. (ECF Nos. 173, 177.) At Movant's sentencing on June 12, 2007, the court granted Respondent's downward departure motion and sentenced Movant to a term of imprisonment of 168 months. (ECF Nos. 185, 186.)

On June 18, 2007, Movant filed a notice of appeal on unspecified grounds. (ECF No. 183.) On July 11, 2007, the Court of Appeals for the Fourth Circuit (the "Fourth Circuit") dismissed Movant's appeal upon his motion and with Respondent's consent. (ECF No. 194.) The Fourth Circuit entered its mandate on July 16, 2007. (ECF No. 198.)

On April 22, 2008, Movant filed a pro se motion to reduce his sentence pursuant to 18 U.S.C. § 3582 that was denied by the court on July 18, 2008. (ECF Nos. 211, 222.)

On July 6, 2010, Movant filed a motion to reduce his sentence for substantial assistance pursuant to Fed. R. Crim. P. 35(b) ("Rule 35 motion"), asserting that Respondent had wrongfully refused to file such a motion on Movant's behalf. (ECF No. 288.) On August 18, 2010, Respondent filed a Rule 35 motion on the basis that Movant provided unrewarded substantial assistance. (ECF No. 296.) On November 15, 2010, the court granted Respondent's Rule 35 motion and sentenced Movant to a term of imprisonment of 135 months. (ECF No. 307.)

On November 4, 2011, Movant filed a pro se motion to reduce his sentence pursuant to 18 U.S.C. § 3582 and the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372

(Aug. 3, 2010), that was denied by the court on February 16, 2012. (ECF Nos. 311, 315.) Movant appealed the order denying his § 3582 motion to the Fourth Circuit. (ECF No. 317.) On June 26, 2012, the Fourth Circuit entered an opinion, affirming the February 16, 2012 decision of the court. (ECF No. 328.)

On July 30, 2012, Movant filed the instant motion to vacate. (ECF No. 330.) Respondent filed opposition to Movant's motion to vacate and a motion to dismiss on August 9, 2012. (ECF No. 334.) Movant responded to Respondent's motion to dismiss on September 17, 2012. (ECF No. 337.) The court has reviewed the record and finds that the motions of Movant and Respondent are suitable for disposition without evidentiary hearing or oral argument.

## II.    LEGAL STANDARD

A.    Motions to Vacate under 28 U.S.C. § 2255

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion pursuant to 28 U.S.C. § 2255. To receive relief under 28 U.S.C. § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). If, on the other hand, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the petition without holding a hearing. Rules Governing Section 2255 Proceedings 4(b); see 28 U.S.C. § 2255(b) (a hearing is not

required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

The enactment of the Antiterrorism and Effective Death Penalty Act of 1996 amended § 2255 and imposed a one-year statute of limitations period for the filing of any motion under the section. 28 U.S.C. § 2255(f). Accordingly, the one-year period of limitation begins to run at the latest of the following four dates: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Id.

The one-year limitations period in § 2255 may be equitably tolled in certain cases. Equitable tolling is available only in "those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). However, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

B.      Liberal Construction of Pro Se Claims

The court is required to construe pro se pleadings liberally. See, e.g., Estelle v. Gamble,

429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  Haines, 404 U.S. at 520.  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

### III.    ANALYSIS

A.    The Arguments of the Parties

In his motion to vacate, Movant raises four grounds for relief.  Specifically, Movant alleges that (1) his guilty plea was unlawfully induced and involuntary; (2) his attorney at the guilty plea stage was ineffective because he erroneously told Movant that he would only be accountable for the amount of drugs set out in the indictment; (3) his attorney at sentencing was ineffective because he erroneously told Movant that he was only being held accountable for 1.5 kilograms of crack cocaine and that the quantity of cocaine would not affect his sentence; and (4) his attorney was ineffective on appeal because he erroneously told Movant that the drug quantity stated in the presentence investigation report ("PSR") did not affect his sentence.  (ECF No. 330, pp. 4-5.)

In opposition to the motion to vacate and in support of its motion to dismiss, Respondent asserts that Movant's motion is untimely under 28 U.S.C. § 2255(f)(1) because it was filed on July 30, 2012, which date is more than one year after Movant's judgment of conviction became final.  (ECF No. 334-1 at 4.)  In support of this assertion, Respondent argues that Movant's

conviction became final on October 18, 2007[2], and his petition to be timely had to be filed on or before October 18, 2008. (Id.) Respondent further argues that Movant has failed to establish that the doctrine of equitable tolling should be applied to excuse the untimeliness of his motion to vacate. (Id. at 5.) Based on the foregoing, Respondent asserts that it is entitled to dismissal of Movant's motion to vacate because the motion was not filed within one-year of the triggering dates enumerated in 28 U.S.C. § 2255(f) and the doctrine of equitable tolling is inapplicable. (Id.)

Movant asks the court to deny Respondent's motion to dismiss, asserting that his motion to vacate was timely filed pursuant to 28 U.S.C. § 2255(f)(4), which provides that the 1-year period of limitation applying to motions to vacate a sentence runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). In invoking § 2255(f)(4), Movant asserts that he had been advised by his attorney to believe that the quantity of cocaine attributed to him did not affect his sentence. (ECF No. 337 at 2.) In this regard, Movant asserts that he did not know that the court had specifically attributed 75.568 kilograms of cocaine to him in the imposition of his sentence until the court's February 16, 2012 order, denying his § 3582 motion to reduce his sentence. (Id. at 1-2 (citing ECF No. 314).) As a result, Movant argues that his motion to vacate is timely because it was filed on July 30, 2012, which is only six months after February 16, 2012. Movant further argues that his motion has merit because his sentence would have been less severe if not for the erroneous advice of counsel. (Id. at 4.)

---

[2] Respondent asserts that Movant's conviction became final on October 18, 2007, 90 days after he did not either petition the Fourth Circuit for rehearing after the dismissal of his appeal or file a petition for writ of certiorari with the United States Supreme Court. (ECF No. 334-1 at 4.)

B.     The Court's Review

For Movant's motion to vacate to be timely under § 2255(f)(4), he has to establish that he was unable to discover the basis for his claim prior to July 30, 2011, which is one year before he filed his motion. In this regard, Movant asserts that February 16, 2012 was the earliest date upon which he could have learned through the exercise of due diligence that he was accountable for 75.568 kilograms of cocaine at the time of sentencing. Upon the court's review, Movant's assertion fails because the exercise of due diligence would have led to discovery of this information before either July 30, 2011 or February 16, 2012. Therefore, Movant's motion to vacate is not timely under § 2255(f)(4).[3]

Movant was initially put on notice regarding the attribution of cocaine to his sentence when he pleaded guilty to possession with intent to distribute and distribution of "5 kilograms or more of cocaine." (See ECF No. 48 at 1.) Thereafter, the information regarding the specific quantity of cocaine relevant to Movant's sentence was set out in PSRs filed in the matter by the United States Probation Office ("USPO") on June 6 and June 15, 2007. (See ECF Nos. 172 & 182 at 15 ¶ 62 ("During this conspiracy, the defendant acquired at least 5,306 grams of crack cocaine and 75,568 grams of powder cocaine for a total of 121,234 kilograms of marijuana equivalent.").) Specifically, the PSRs stated that Movant's base offense level held him accountable for a marijuana equivalent that included the 75.568 kilograms of cocaine. (Id. at p. 22 ¶ 81.) Therefore, the information regarding Movant's accountability for 75.568 kilograms of cocaine was available for discovery for approximately five years prior to the date he allegedly found it.

---

[3] Movant does not assert that his motion to vacate is timely under another subsection of § 2255(f).

However, even if Movant did not review the PSRs, he had reason to inquire further about the effect of the cocaine quantity on his sentence because he was told by one attorney that the amount of cocaine attributed would not affect the court's sentence, but a subsequent attorney told him that he was accountable for 15 to 50 kilograms of cocaine. (See ECF No. 337 at 1-2.) In the context of resolving this conflicting information, the exercise of due diligence required Movant to take advantage of reasonable opportunities to inquire about the effect of cocaine quantities at his sentencing, while the matter was on appeal, and during the court's adjudication of his first two motions to reduce his sentence. See Johnson v. United States, 544 U.S. 295, 308 (2005) (Diligence is "shown by prompt action on the part of the petitioner as soon as he is in a position to realize" that he should act.) Based on the foregoing, Movant cannot satisfy his burden of establishing that he exercised due diligence in discovering on February 16, 2012 that he was held accountable for 75.568 kilograms of cocaine at the time of sentencing. E.g., DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006) ("[T]he petitioner bears the burden of proving that he exercised due diligence."). Consequently, § 2255(f)(4) does not operate to extend the limitation period for Movant's motion to vacate. See, e.g., U.S. v. Jones, Cr. No. 8:06-1264-HMH, 2013 WL 1499148, at *2 (D.S.C. Apr. 11, 2013) ("Finally, § 2255(f)(4) does not permit Jones to bring an otherwise untimely motion as the facts supporting his claims were available to him through the exercise of due diligence as of the date judgment was entered.") Therefore, the motion to vacate is time-barred, unless equitable tolling applies.

In certain circumstances, the doctrine of "equitable tolling may . . . apply to excuse a . . . [party's] failure to comply with the strict requirements of a statute of limitations." Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). However, this doctrine only applies in "two

generally distinct kinds of situations" - (1) "the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant[;]" and (2) "extraordinary circumstances beyond plaintiffs' control made it impossible to file claims on time." Id. at 330. The circumstances in the instant matter do not meet either of these situations. Therefore, equitable tolling is not applicable to Movant's motion to vacate.

## IV.   CONCLUSION

Upon careful consideration of the entire record and the arguments of the parties, the court is of the opinion that Kelvin Bernard Tyler's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 should be and is hereby **DENIED** with prejudice. (ECF No. 330.) The United States of America's motion to dismiss is hereby **GRANTED**. (ECF No. 334.) All other pending motions are **DENIED** as moot. (ECF Nos. 333, 351.)

## V.   CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See, e.g., Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**.

                                        s/Margaret B. Seymour
                                        MARGARET B. SEYMOUR
                                        SENIOR UNITED STATES DISTRICT JUDGE

June 14, 2013
Columbia, South Carolina